UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13CR0357 ERW |
| ) | |
| JAMES SCHILLY, ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court upon the Report and Recommendation of United States Magistrate Judge Thomas C. Mummert, III [ECF No. 53] pursuant to 28 U.S.C. § 636(b). The Report recommends that Defendant Schilly's Motion to Dismiss Indictment [ECF No. 46] be denied.

On September 4, 2013, the Government filed a one-count indictment, alleging Defendant violated 18 U.S.C. § 2252A(a)(5)(B), by knowingly possessing "material that contained an image of child pornography that was produced using materials that traveled in interstate and foreign commerce, and which contained child pornography, including but not limited to fifteen graphic image files depicting minor females in the lascivious exhibition of their genitals [ECF No. 1]. Subsequently, the Government filed a Superceding Indictment on December 18, 2013 [ECF No. 33]. The superseding indictment allegations are the same as in the original indictment, with one exception: to each of the fifteen specific images listed in the earlier indictment, the language "or pubic area" is added to follow "lascivious exhibition of the genitals."

Defendant filed his Motion to Dismiss the Superceding Indictment, contending the superseding indictment is based on insufficient evidence, and is an unconstitutional attempt to

charge based on a grand jury's finding unsupported by sufficient evidence. Defendant conceded the images at issue are of nude children, but argued the images are not "lascivious" as required by statute. On January 14, 2014, the Magistrate conducted an evidentiary hearing to receive evidence and testimony on Defendant's Motion to Dismiss.

In his Memorandum and Recommendation, the Magistrate Judge found the indictment closely tracked the language of the underlying statutes, and was, therefore, legally sufficient [ECF Nos. 52, 53]. The Magistrate Judge rejected Defendant's argument asserting there was insufficient evidence presented to the grand jury, finding indictments are not open to challenge on this ground. The Magistrate Judge determined it was not its role to determine the sufficiency of the evidence, and recommended Defendant's motion to dismiss, arguing otherwise, be denied.

On February 4, 2012, this Court granted Defendant's Motion for Leave to File Objections Out of Time [ECF No. 58], and accepted Defendant's Objections to Report and Recommendations [ECF No. 56] for filing on that date. In his Objections, Defendant states he is "alleged to have possessed images portraying children and adults participating in activities that appear to have been conducted in outdoor settings" [ECF No. 56 at 1]. He argues that the images are insufficient as a matter of law, and that they do not meet the statutory elements under which he is charged. In its Response, the Government reasserts that a motion to dismiss the indictment is not the proper tool to challenge the sufficiency of the evidence [ECF No. 57].

The Court conducts a *de novo* review of those portions of a report or specified proposed finding to which timely objection is made. 28 U.S.C. § 636(b); *see also United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). The Court considers Defendant's objection to the Magistrate Judge's conclusions and recommendation.

As determined by the Magistrate Judge, the superceding indictment is legally sufficient, as it tracks the underlying statutes. *See Armour Packing Co. v. U.S.*, 209 U.S. 56, 83-84 (1908);

*United States v. Oakie*, 12 F.3d 1436, 1440 (8th Cir. 1993); 18 U.S.C. §§ 2252A(a)(5)(B), 2256(8), and 2256(2)(A)(v). Defendant's objection again addresses the sufficiency of the government's evidence, as he argues the superseding indictment must be dismissed because the graphic images are insufficient as a matter of law, re-asserting they are images of children participating in outdoor activities. "[S]o long as the indictment contains a facially sufficient allegation of materiality, federal criminal procedure does not 'provide for a pre-trial determination of sufficiency of the evidence.'" *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001) (quoting *United States v. Critzer*, 951 F.2d 306, 307-08 (11th Cir. 1992)). The Court has considered the Report and Recommendation . After *de novo* review, the Court has concluded that the Magistrate Judge properly determined Defendant's Motion to Dismiss Indictment should be denied. The Court hereby sustains, adopts and incorporates herein the Magistrate's Report and Recommendation in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Schilly's Motion to Dismiss Indictment [ECF No. 46] is **DENIED**.

Dated this  5th   day of February, 2014.

_E. Richard Webber_
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE